```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEFFREY GIOVE,

                        Plaintiff,                          **MEMORANDUM & ORDER**
        - against -                                         15-CV-02998 (PKC) (VMS)

THE CITY OF NEW YORK, et. al.,

                        Defendants.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Before the Court is Defendants' motion *in limine* (Dkt. 67) to amend their answer to the amended complaint to include an affirmative defense of collateral estoppel. For the reasons set forth herein, Defendants' motion is denied. Defendants will not be permitted to assert at trial a defense of collateral estoppel.

## BACKGROUND

Plaintiff Jeffrey Giove filed this lawsuit in May 2015 alleging violations under Title VII of the Civil Rights Act of 1964, §§ 2000e - 2000e17 ("Title VII"), and the New York City Human Rights Law, New York Administrative Code, § 8107, *et. seq.*, on the basis of sexual orientation discrimination and retaliation. (Compl., Dkt. 1, at ¶ 1.) Plaintiff, a speech teacher at the Marsh Avenue Expeditionary School in Staten Island who identifies as gay, alleges that he was subjected to a hostile work environment stemming from co-workers using abusive language regarding his sexual orientation and that Defendants retaliated against Plaintiff when he complained about the alleged hostile work environment by writing negative evaluations about him and bringing disciplinary proceedings against him. (*Id.* at ¶¶ 50-59.)

A.  Relevant Procedural History

Defendants filed their answer to the complaint in this action in July 2015 and an amended answer in August 2015. (Dkts. 10, 14.) Neither answer asserted a collateral estoppel defense. (*Id.*) Plaintiff amended his complaint in February 2016 (Dkt. 26), to which Defendants responded with an amended answer on April 2016.[1] (Dkt. 33.) Defendants' amended answer again did not assert a collateral estoppel defense.

Discovery in this matter was completed in December 2016. (Dkt. 45.) Plaintiff filed a second amended complaint shortly thereafter. (Dkt. 46.) Defendants answered the second amended complaint on January 6, 2017. (Dkt. 47.) As before, that answer did not assert a collateral estoppel defense. Although Defendants advised Magistrate Judge Vera M. Scanlon that they were "considering" seeking summary judgment based on the same argument raised in their failed motion to dismiss, no summary judgment motion was ever filed. (Dkt. 45.) On February 24, 2017, Judge Scanlon held a conference regarding the parties' submission of a Joint Pretrial Order ("JPTO"), which was filed on April 28, 2017. Defendants did not mention a defense of collateral estoppel at the conference or in the JPTO. Indeed, in their portion of JPTO, Defendants did not indicate that they intended to move *in limine* to assert collateral estoppel.

The parties participated in an initial pre-trial conference with the Court on May 23, 2017. At the conference, Defendants did not mention the possibility that they would seek to assert a defense of collateral estoppel. The trial date of October 10, 2017 was set, and a final pre-trial conference was scheduled for October 5, 2017.

On June, 20, 2017, trial was adjourned upon Defendants' request, on consent by Plaintiff, due to the anticipated unavailability of one of the defendants for trial in October 2017. The new

---

[1] Defendants initially moved to dismiss Plaintiff's Title VII retaliation claim in the amended complaint. (Dkt. 29.) The Court denied that motion. (3/1/16 Minute Entry.)

2

trial date was February 20, 2018, with a December 4, 2017 deadline for the filing of *in limine* motions. At Defendants' request and again on consent, the December 4, 2017 filing deadline was extended to December 19, 2017. Defendants again requested an extension, this time to December 22, 2017, which was granted, on consent. Defendants' *in limine* motion did not mention the possibility that Defendants would seek to assert a collateral estoppel defense.

It was not until January 2, 2018—less than two months before trial—that Defendants, for the first time, sought permission to amend their answer to assert a collateral estoppel defense, based on a November 2015 decision in an administrative hearing that was conducted pursuant to New York State Education Law Section 3020-a ("§ 3020-a hearing"). (Dkt. 67.) During the final pre-trial conference on January 12, 2018, the Court directed the parties to submit additional briefing on Defendants' motion to amend. That briefing was completed on January 26, 2018.

    B.    <u>Plaintiff's § 3020-a Hearing</u>

In November 2015, Defendant New York City Department of Education ("DOE") brought charges against Plaintiff for misconduct, conduct unbecoming his position, and neglect of his duties. (Opinion and Award of James McKeever, Dkt. 67-5, at 1-2.) The charges included the following specifications: (1) on or about October 2013 and November 2013, Plaintiff, while in the presence of his students, fell asleep during class; (2) on or about March 21, 2014, Plaintiff: (a) slammed his hand against the front door of the main office and/or slammed opened the door to the main office and/or thrust the door open, (b) raised his voice in the main office in the presence of parents and/or students and/or staff members, and (c) stated to school aide MaryAlice Scarmato words to the effect of, "grow up Ms. Scarmato, grow up," in the main office in front of others; (3) on or about March 12, 2015, Plaintiff used his fist to smash a cake brought by a parent on teacher

3

conference day; and (4) on or about June 22, 2015, Plaintiff failed to provide services to his mandated speech students. (*Id.* at 2.)

A neutral hearing officer, James McKeever, held a § 3020-a hearing to adjudicate the charges brought by the DOE. The hearing took place on November 9, 17, 18, 24, 30, and December 1, 2015. The DOE and Plaintiff were represented by counsel at the hearing. (*Id.* at 1.) Plaintiff testified and called four witnesses to testify on his behalf. Plaintiff also raised the defenses of discrimination and retaliation. (Plaintiff's 12/1/15 and 12/2/15 testimony in *New York City Department of Education v. Giove*, Dkt. 67-4, at 187, 190.) The DOE presented five witnesses in its case. Hearing Officer McKeever issued his Opinion & Award on February 23, 2016, finding Plaintiff "guilty as charged in Specifications 1, 2(a) in part, 2(b), 2(c), and 4", and dismissing Specification 3. (Opinion and Award of James McKeever, at 30-31.) Hearing Officer McKeever fined Plaintiff $3,000. (*Id.* at 31.)

## DISCUSSION

In the instant motion, filed seven weeks before the start of trial and long after the deadline for filing dispositive motions, Defendants seek to amend their answer to Plaintiff's second amended complaint to include an affirmative defense of collateral estoppel, which would be dispositive of Plaintiff's New York City Human Rights Law claims. Despite the clear and unjustified untimeliness of Defendants' motion, the Court resolves this motion on the merits, rather than addressing the potential prejudice to Plaintiff caused by Defendants' untimely request.[2]

---

[2] In this Circuit, a district court has the discretion to preclude a party from amending its pleadings when there is bad faith or the non-movant would be prejudiced by the amendment. *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). While there is no indication of bad faith here—indeed, Defendants admit to "mistaken failure" as the reason for making this request shortly before trial despite knowing of the § 3020-a hearing for nearly two years (Dkt. 67, at 3)—Plaintiff has a compelling argument that he has been prejudiced by Defendants' untimely motion, including the disruption of trial preparation to respond to

Defendants argue that Plaintiff should be estopped from bringing claims under the New York Human Rights Law because Plaintiff's claims of discrimination and retaliation were already adjudicated at the § 3020-a hearing. (Defs. Mot. to Amend Answer ("Defs. Mot."), Dkt. 67, at 1.) Defendants contend that the fact that the hearing officer mentions Plaintiff's defenses numerous times throughout the Opinion & Award, both in describing the evidence put forth by the parties and in his discussion of the specifications, before declining to make a finding of discrimination or retaliation, shows that Plaintiff's discrimination and retaliation claims were "actually litigated" and "necessarily decided" in the § 3020-a hearing. (Defs. Reply, Dkt. 74, at 6-7.)

Plaintiff counters that "there is absolutely no proof whatsoever" that the hearing officer resolved "the issue of whether an unlawful hostile work environment existed" or "the issue of retaliation as a motivation for Defendant Cara Deangelo [Principal at Marsh Avenue School] commencing the 3020-a process." (Pl. Res., Dkt. 68, at 4.) Plaintiff further argues that Hearing Officer McKeever did not have occasion to resolve these issues in light of the disciplinary charges at the core of the hearing. (*Id.*)

Under New York law, the "doctrine [of collateral estoppel] applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (1999). Further, "the issue must have been material to the first action or proceeding and essential to the decision rendered therein." *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984). The Second Circuit has held that a § 3020-a hearing is "quasi-judicial" and may be preclusive if the criteria of collateral estoppel are met. *See*

---

Defendants' motion. Nonetheless, the Court declines to resolve the issue of prejudice because, as stated below, the Court denies Defendants' motion on the merits.

5

*Burkybile v. Bd. of Educ.*, 411 F.3d 306, 308 (2d Cir. 2005) (holding that facts found at § 3020-a hearing precluded administrator's § 1983 claim of retaliation).

Section 3020-a hearings vary in their determinations of fact and law and, therefore, in their preclusive effect. In certain cases, courts have found that these hearings are preclusive when the issues are the same as those in the federal litigation, the parties had a full and fair opportunity to litigate the issues, and the neutral arbiter "necessarily decided" those issues in an opinion. *See*, *e.g.*, *Mazur v. New York City Dep't of Educ.*, 53 F. Supp. 3d 618, 630-31 (S.D.N.Y. 2014) (finding collateral estoppel barred plaintiff's disability discrimination and hostile work environment claims where neutral arbiter in § 3020-a hearing necessarily decided those issues with specific reference to plaintiff's central defenses). In other cases, courts have found that § 3020-a hearings do not have preclusive effect because the neutral arbiter did not "expressly decide" the relevant issue. *See*, *e.g.*, *Washington v. New York City Dep't of Educ.*, 16-CV-9588 (ER), 2017 WL 4687982 at *8 (S.D.N.Y. Oct. 16, 2017) (holding that although discrimination claim raised in § 3020-a hearing was preclusive of the issue in federal court, retaliation claim was not because hearing officer only referred to "retaliation" once in the opinion and never "explicitly addressed or ruled on the merits of any retaliation argument"). The determination of whether a § 3020-a hearing decision will have preclusive effect, and to what extent, is ultimately one of fact that requires a review of the record.

Here, Hearing Officer McKeever did not "expressly decide" whether Plaintiff was subjected to sexual orientation discrimination or retaliation by Defendants. The Court finds the case of *Leon v. Dep't of Educ.*, 16 F. Supp. 3d 184 (E.D.N.Y. 2014), *rev'd in part*, 612 F. App'x 632 (2d Cir. 2015) instructive. *Leon* involved a teacher who was terminated and filed suit alleging violations of the Americans with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA"). There, as here, the Board of Education commenced a § 3020-a

6

hearing against the plaintiff, Leon, who argued, as a defense, that the proceedings "were initiated by Defendants as part of their continued attempts to retaliate, discriminate, harass and intimidate [her]." *Leon*, 16 F. Supp. 3d at 191 (citations and quotations omitted). The hearing officer ruled against Leon and found "just cause" for her dismissal. In Leon's federal ADA and ADEA action, the district court cited the hearing officer's determination as being preclusive of her discrimination claim. *Id.* at 197 (citations omitted) ("[T]he Hearing Officer actually decided that Plaintiff's termination was caused by Plaintiff's insubordinate conduct, not by impermissible discrimination or retaliation.").

Leon appealed, and the Second Circuit reversed, stating: "There is no indication that the Section 3020-a hearing addressed, much less actually decided, whether the charges leading to Leon's termination were driven, even in part, by discriminatory or retaliatory intent." *Leon*, 612 F. App'x at 634-35 (quotations omitted). The Circuit explained that the district court's error stemmed from the "faulty assumption" that termination for cause "necessarily precludes the possibility of termination motivated by unlawful animus." *Id.* The panel further reasoned that a jury could later find that Leon was terminated at least in part for discriminatory reasons. Indeed, the panel found that Leon could be successful on her discrimination or retaliation claims "even if the jury were to accept that there were legitimate reasons for terminating her, too." *Id.* (alterations and citation omitted).

Here, as in *Leon*, there is no indication in Hearing Officer McKeever's Opinion & Award that he actually decided whether Plaintiff was subjected to a hostile work environment or that the disciplinary charges brought against him were motivated, even in part, by Defendants' retaliatory intent. Defendants rely on one sentence in the Opinion & Award as proof that Hearing Officer McKeever necessarily decided the issues of discrimination and retaliation: "I decline to make a

7

finding of disparate treatment." (Opinion and Award, at 30.) Yet a full reading of the Opinion and Award reveals that this sentence is limited to a single fact regarding Defendant Deangelo disciplining Plaintiff and another employee after they argued in the main office. Furthermore, Hearing Officer McKeever *declining to find* disparate treatment is not the same as *making a finding* that there was *no* disparate treatment. Indeed, in the entire thirty-one page decision, Hearing Officer McKeever does no more than refer to Plaintiff's defenses of discrimination and retaliation, and offers no basis for rejecting them. (Opinion & Award, at 23.) ("[Jeff Giove] submits that the charges should be dismissed because they were proffered against him in retaliation for complaining . . . about Principal DeAngelo and Susanne Rolnick, and for his decision to file lawsuits against the Department [of Education] naming Susanne Rolnick and Principal DeAngelo as defendants.") Accordingly, because there is no indication that Hearing Officer McKeever "necessarily decided" Plaintiff's claims of discrimination and retaliation as part of Plaintiff's § 3020-a hearing, Defendants are not entitled to collaterally estop Plaintiff from pursuing those claims in the present litigation.

## CONCLUSION

For the reasons set forth above, Defendants' motion *in limine* to amend their answer to assert a collateral estoppel defense is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 5, 2018
　　　Brooklyn, New York

8